MINH TUONG NGUYEN
840 Chateau Ct
Garden Grove, CA 92841
Tel: (828) 666-3388
Email: stevenminhnguyen2626@gmail.com

Defendant, In Pro Per

FILED

JUN 0 3 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re<br><br>MINH TUONG NGUYEN,<br><br><br>Debtor. | Case No.: 8:26-bk-10347-SC<br><br>Adv. No.: 8:26-ap-01055-SC<br><br>**DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT [FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(6), 9(b)]; ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(e)]; MEMORANDUM OF POINTS AND AUTHORITIES** |
| ASHLEY NGUYEN, aka ASHLEY ANH THU NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>MINH TUONG NGUYEN<br><br>Defendant. | Date:  July 28, 2026<br>Time:  1:30 p.m.<br>Place: Courtroom 5C, 411 West Fourth Street, Santa Ana, CA 92701<br>Judge: Hon. Scott C. Clarkson |

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF ASHLEY NGUYEN AND HER ATTORNEY OF RECORD; THE

CHAPTER 7 TRUSTEE; THE UNITED STATES TRUSTEE; AND ALL INTERESTED

PARTIES:

DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT [FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(6), 9(b)]; ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(e)]; MEMORANDUM OF POINTS AND AUTHORITIES

**PLEASE TAKE NOTICE** that on July 28, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5C of the United States Bankruptcy Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, California 92701, before the Honorable Scott C. Clarkson, Defendant and Debtor Minh Tuong Nguyen ("Defendant"), appearing in pro per, will and hereby does move the Court, pursuant to Federal Rule of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the Complaint to Bar Discharge Pursuant to 11 U.S.C. § 727(a) (the "Complaint") filed by Plaintiff Ashley Nguyen ("Plaintiff") on the ground that the Complaint fails to state a claim upon which relief can be granted.

As to the grounds asserted under 11 U.S.C. § 727(a)(2) and (a)(4)(A), each of which sounds in fraud, Defendant further moves to dismiss under Federal Rule of Civil Procedure 9(b) (made applicable by Federal Rule of Bankruptcy Procedure 7009) because the Complaint fails to plead the circumstances constituting fraud with particularity. In the alternative, Defendant moves under Federal Rule of Civil Procedure 12(e) for an order requiring Plaintiff to provide a more definite statement.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Complaint and all pleadings, records, and files in this adversary proceeding and the underlying bankruptcy case, of which the Court may take judicial notice, and such further argument and evidence as may be presented at or before the hearing.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), any opposition to this Motion must be filed with the Court and served upon Defendant not later than fourteen (14) days before the hearing date. The failure to file and serve a timely written response may be deemed by the Court to be consent to the granting of the Motion.

**WHEREFORE,** Defendant respectfully requests that the Court dismiss the Complaint in its entirety, and grant such other and further relief as the Court deems just and proper.

//

//

2

DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT [FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(6), 9(b)]; ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(e)]; MEMORANDUM OF POINTS AND AUTHORITIES

Dated: June 3, 2026

Respectfully submitted,

Minh Tuong Nguyen

Defendant, In Pro Per

DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT [FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(6), 9(b)]; ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(e)]; MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff seeks the most drastic remedy in bankruptcy — the wholesale denial of Defendant's discharge under 11 U.S.C. § 727(a)(2), (a)(3), (a)(4)(A), and (a)(5). Yet the three-page Complaint pleads no facts. Each operative allegation recites the words of the statute and nothing more. The Complaint alleges that Defendant "transferred, or concealed property of the debtor, within one year before the filing of the petition" with intent to hinder, delay, or defraud; that he "concealed, destroyed, mutilat[ed], falsified, and/or failed to keep or preserve recorded information, including books, documents, records, and/or papers"; that he "knowingly and fraudulently ... made a false oath(s) or account(s)"; and that he "failed to explain satisfactorily ... any loss of assets or deficiency of assets." Complaint ¶¶ 9–12. The Complaint never identifies a single transfer, a single missing record, a single false statement, or a single asset.

A complaint built entirely from "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," does not survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That defect is fatal under Rule 12(b)(6), and it is independently fatal under Rule 9(b) as to the two grounds (§ 727(a)(2) and (a)(4)(A)) that sound in fraud. The Complaint should be dismissed.

Defendant's service and filing of this Rule 12 motion suspends the time to file a responsive pleading until the Court rules. Fed. R. Civ. P. 12(a)(4) (made applicable by Fed. R. Bankr. P. 7012(a)).

### II. THE ALLEGATIONS, AS PLEADED

The Complaint is three pages. After reciting jurisdiction and venue (¶¶ 1–5), it alleges that Defendant filed a Chapter 7 petition on February 4, 2026 (¶ 6); that Defendant signed his petition, schedules, and Statement of Financial Affairs under penalty of perjury (¶ 7); and that Defendant appeared and testified under oath at a meeting of creditors (¶ 8). The Complaint then sets out its four substantive paragraphs:

4

DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT [FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(6), 9(b)]; ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(e)]; MEMORANDUM OF POINTS AND AUTHORITIES

¶ 9.    Defendant, "with intent to hinder, delay or defraud a creditor or an officer of the estate ... transferred, or concealed property of the debtor, within one year before the filing of the petition." (Tracking § 727(a)(2)(A).)

¶ 10.    Defendant "has concealed, destroyed, mutilat[ed], falsified, and/or failed to keep or preserve recorded information, including books, documents, records, and/or papers from which the debtor's financial condition or business transaction might be ascertained." (Tracking § 727(a)(3).)

¶ 11.    Defendant "has knowingly and fraudulently, in connection with this case made a false oath(s) or account(s)." (Tracking § 727(a)(4)(A).)

¶ 12.    Defendant "has failed to explain satisfactorily ... any loss of assets or deficiency of assets to meet the debtor's liabilities." (Tracking § 727(a)(5).)

No transfer is described. No transferee is named. No missing record is identified. No false statement — in any schedule or at any examination — is quoted or described. No asset is identified, and no loss of any asset is alleged. The Complaint pleads only the statutory elements, in the statutory words.

### III.  LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 7012(b) makes Federal Rule of Civil Procedure 12(b)–(i) applicable in adversary proceedings. To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). The court need not accept as true legal conclusions couched as factual allegations. *Id.*

These pleading standards apply with full force to an objection to discharge. Because denial of discharge is a harsh and extraordinary remedy, the provisions of § 727 are construed liberally in favor of the debtor and strictly against the objecting party, who bears the burden of proof by a

DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT [FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(6), 9(b)]; ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(e)]; MEMORANDUM OF POINTS AND AUTHORITIES

preponderance of the evidence. *Retz v. Samson* (In re Retz), 606 F.3d 1189, 1196 (9th Cir. 2010); Fed. R. Bankr. P. 4005.

Two of the four grounds asserted — § 727(a)(2) (intent to defraud) and § 727(a)(4)(A) (knowing and fraudulent false oath) — sound in fraud and are therefore subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b), made applicable by Federal Rule of Bankruptcy Procedure 7009. Rule 9(b) requires a plaintiff to plead "the who, what, when, where, and how" of the alleged fraud — the time, place, and specific content of the false representations as well as the identities of the parties. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

## IV.  ARGUMENT

**A.  The § 727(a)(2) ground (¶ 9) fails to state a claim and fails Rule 9(b).**

To deny a discharge under § 727(a)(2)(A), an objector must plead and prove (1) a disposition of property, such as a transfer or concealment, (2) a subjective intent to hinder, delay, or defraud a creditor, (3) occurring within one year before the petition date, and (4) involving property of the debtor. *In re Retz*, 606 F.3d at 1200. The Complaint pleads none of these as facts. It does not identify any property, any transfer or act of concealment, any date, or any transferee, and it pleads no facts — as opposed to the bare word "intent" — from which a fraudulent intent could be inferred. Paragraph 9 is the statute, paraphrased. That is precisely what *Iqbal* forbids. 556 U.S. at 678. Because the ground also alleges fraudulent intent, it independently fails Rule 9(b), which requires the specific facts of the alleged scheme. *Kearns*, 567 F.3d at 1124.

**B.  The § 727(a)(3) ground (¶ 10) fails to state a claim.**

Section 727(a)(3) employs a burden-shifting framework: the objector must first establish that the debtor failed to maintain and preserve adequate records and that the inadequacy makes it impossible to ascertain the debtor's financial condition and material business transactions; only then does the burden shift to the debtor to justify the inadequacy. *Caneva v. Sun Communities Operating Ltd. P'ship (In re Caneva)*, 550 F.3d 755, 761 (9th Cir. 2008). The Complaint does not identify a single record that is missing, does not allege what aspect of Defendant's financial

6

condition cannot be ascertained, and does not allege facts showing any inadequacy at all. It recites the statutory catalog of "books, documents, records, and/or papers" and stops. A conclusory paraphrase of § 727(a)(3) states no claim. *Iqbal*, 556 U.S. at 678.

**C.  The § 727(a)(4)(A) ground (¶ 11) fails to state a claim and fails Rule 9(b).**

To bar discharge for a false oath under § 727(a)(4)(A), an objector must plead and prove that (1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently. *In re Retz*, 606 F.3d at 1197. Actual, not constructive, fraudulent intent is required. *Id.* The Complaint identifies no oath at all. It does not point to any statement in any schedule, in the Statement of Financial Affairs, or at any examination, and it does not explain why any such statement was false or material. Paragraph 11 simply asserts that Defendant "made a false oath(s) or account(s)" — the bare element. That is a textbook "threadbare recital" under *Iqbal*, and, because the ground requires a knowing and fraudulent falsehood, it independently fails the particularity requirement of Rule 9(b). *Kearns*, 567 F.3d at 1124. A defendant cannot answer — much less defend his discharge against — an unidentified "false oath."

**D.  The § 727(a)(5) ground (¶ 12) fails to state a claim.**

Section 727(a)(5) authorizes denial of discharge where the debtor fails to explain satisfactorily any loss or deficiency of assets. The objector must first identify assets that the debtor once owned and no longer has; only then is the debtor called upon to explain. *Devers v. Bank of Sheridan (In re Devers)*, 759 F.2d 751, 754 (9th Cir. 1985). The Complaint identifies no asset and alleges no loss of any asset. There is, on the face of the Complaint, nothing for Defendant to explain. The paragraph again recites the element and pleads no facts. *Iqbal*, 556 U.S. at 678.

**E.  Dismissal is warranted; any leave to amend should be conditioned on the pleading of specific facts.**

Because the Complaint pleads no facts as to any of its four grounds, it should be dismissed. To the extent the Court is inclined to permit amendment rather than dismiss outright, any amendment should be conditioned on Plaintiff pleading, in enumerated form: (i) for § 727(a)(2),

7

facts showing fraudulent intent; (ii) for § 727(a)(3), the specific records alleged to be missing or inadequate and the specific aspect of Defendant's financial condition that cannot be ascertained as a result; (iii) for § 727(a)(4)(A), the specific oath alleged to be false, where and when it was made, why it was false and material, and the facts showing it was made knowingly and fraudulently; and (iv) for § 727(a)(5), the specific asset and the specific loss or deficiency alleged to be unexplained. In the alternative, and at minimum, the Court should require a more definite statement under Rule 12(e), because the Complaint is so vague that Defendant cannot reasonably be required to frame a responsive pleading.

## V. CONCLUSION

The Complaint pleads only the elements of § 727(a)(2), (a)(3), (a)(4)(A), and (a)(5), in the words of the statute, and no supporting facts of any kind. Defendant respectfully requests that the Court dismiss the Complaint in its entirety under Rule 12(b)(6); dismiss the § 727(a)(2) and (a)(4)(A) grounds independently under Rule 9(b); or, in the alternative, order a more definite statement under Rule 12(e); together with such other relief as is just.

Respectfully submitted,

Dated: June 3, 2026

By: _____

MINH TUONG NGUYEN

Defendant, In Pro Per

DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT [FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(6), 9(b)]; ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(e)]; MEMORANDUM OF POINTS AND AUTHORITIES

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
840 Chateau Ct, Garden Grove, California 92841

A true and correct copy of the foregoing document entitled (*specify*): DEFENDANT'S MOTION TO DISMISS
ADVERSARY COMPLAINT [FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(6), 9(b)]; ALTERNATIVELY, FOR
A MORE DEFINITE STATEMENT [FED. R. CIV. P. 12(e)]; MEMORANDUM OF POINTS AND AUTHORITIES

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) __06/03/2026__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Attorney for Plaintiff Ashley Nguyen
Stephen R. Wade, The Law Offices of Stephen R. Wade, 5030 E. 2nd St, Ste. 206A, Long Beach, CA 90803

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __06/03/2026__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Scott C. Clarkson, 411 West Fourth Street, Santa Ana, CA 92701 (by drop off at court box)
Jeffrey I. Golden, 3070 Bristol Street, Suite 640, Costa Mesa, CA 92626 (by email: jgolden@go2.law)
Eric P. Israel, 2818 La Cienega Ave, Los Angeles, CA 90034 (by email: epi@lnbyg.com)
Leonard Pena, 1003 Diamond Ave., Suite 202, South Pasadena, California 91030 (by email: lpena@penalaw.com)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 06/03/2026 | Bui Gia Bao | *(signature)* |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**