FILED & ENTERED

JUL 20 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Minh Tuong Nguyen,<br><br><br><br>Debtor(s).<br>_____<br>Ashley Nguyen,<br><br>Plaintiff(s),<br>   v.<br><br>Minh Tuong Nguyen,<br><br>Defendant(s). | CHAPTER 7<br><br>Case No.:  8:26-bk-10347-SC<br>Adv. No.:  8:26-ap-01055-SC<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT [DK. 5]**<br><br><u>Vacated Hearing:</u><br>Date:        July 28, 2026<br>Time:        1:30 PM<br>Courtroom:  5C |

The Court has considered Defendant Minh Tuong Nguyen's ("Defendant") *Motion to Dismiss Adversary Complaint [Fed. R. Bankr. P. 7012; Fed. R. Civ. P. 12(b)(6), 9(b)]; Alternatively, for a More Definite Statement [Fed. R. Civ. P. 12(e)]* filed June 3, 2026 [Dk. 5] ("Motion"), Plaintiff Ashley Nguyen's *Opposition to Dismiss Adversary Complaint; Alternatively For a More Definite Statement* filed July 14, 2026 [Dk. 7] ("Opposition"), the Complaint [Dk. 1], and all related pleadings. As set forth below, the Court has

-1-

determined that this matter is appropriate for disposition without a hearing and finds good cause to GRANT the Motion with leave to amend. Defendant's alternative request for a more definite statement under Rule 12(e) is DENIED as moot. The July 28, 2026, hearing on the Motion is VACATED. The July 28, 2026, status conference is CONTINUED to October 13, 2026, at 1:30 p.m.

### I.      Procedural Background

Plaintiff initiated this adversary proceeding on May 4, 2026, by filing a Complaint seeking denial of Defendant's Chapter 7 discharge under 11 U.S.C. §§ 727(a)(2)(A), (a)(3), (a)(4)(A), and (a)(5). [Dk. 1].

The Complaint alleges that Defendant filed a voluntary Chapter 7 petition on February 4, 2026, signed his petition, schedules, Statement of Financial Affairs, and other bankruptcy documents under penalty of perjury, and subsequently testified at his § 341(a) meeting of creditors that the information contained in those documents was true and correct. [Dk. 1, ¶¶ 6-8]. The Complaint then alleges that Defendant: (1) transferred or concealed property within one year before the petition date with the intent to hinder, delay, or defraud a creditor or officer of the estate; (2) failed to preserve recorded information from which his financial condition or business transactions could be ascertained; (3) knowingly and fraudulently made a false oath or account in connection with the bankruptcy case; and (4) failed to satisfactorily explain a loss or deficiency of assets. [Dk. 1, ¶¶ 9-12].

On June 3, 2026, Defendant filed the Motion [Dk. 5] seeking dismissal of the Complaint under Rule 12(b)(6) and, as to the claims under §§ 727(a)(2)(A) and (a)(4)(A), Rule 9(b). Defendant alternatively requests a more definite statement under Rule 12(e). Defendant argues that the Complaint merely recites the statutory elements of each claim without identifying any particular transfer, concealed property, missing record, false statement, or unexplained asset. Plaintiff opposes dismissal and alternatively requests leave to amend should the Court determine that additional factual allegations are necessary. [*See* Dk. 7].

## II.     Legal Standards

Federal Rule of Bankruptcy Procedure 7012(b) incorporates Federal Rule of Civil Procedure 12(b) and applies it to adversary proceedings. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999). To survive dismissal, a complaint must allege sufficient facts to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The standard for plausibility only requires the plaintiff to produce facts that show there is "more than a sheer possibility that a defendant has acted unlawfully*." Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts should "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Courts should "assume the[ ] veracity" of the "well pleaded factual allegations" and "determine whether they plausibly give rise to an entitlement to relief." *Id.* Additionally, the court must draw all reasonable inferences in "the light most favorable to the plaintiff." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

Federal Rule of Bankruptcy Procedure 7009 makes Federal Rule of Civil Procedure 9(b) applicable in adversary proceedings. When fraud is alleged, the complaint must state with particularity the circumstances constituting fraud, including the "who, what, when, where, and how" of the alleged misconduct. *Aarons v. Patch of Land Lending, LLC (In re Aarons)*, 643 B.R. 595, 605 (Bankr. C.D. Cal. 2022).

Federal Rule of Bankruptcy Procedure 7015 makes Rule 15 applicable in adversary proceedings. Rule 15(a)(2) provides that leave to amend should be freely given when justice so requires, and this policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave generally should be denied only upon a showing of bad faith, undue delay, futility, or undue prejudice. *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011).

**III.   Discussion**

    **a.  11 U.S.C. § 727(a)(2)(A)**

To state a claim under § 727(a)(2)(A), Plaintiff must plausibly allege a disposition of property, such as a transfer or concealment, together with a subjective intent on Defendant's part to hinder, delay, or defraud a creditor through the disposition of that property. Both the relevant act and intent must occur within the applicable one-year prepetition period. *Hughes v. Lawson (In re Lawson)*, 122 F.3d 1237, 1240 (9th Cir. 1997).

Here, Paragraph 9 alleges only that Defendant, with the requisite intent, "transferred, or concealed property of the debtor, within one year before the filing of the petition." The Complaint does not identify the property allegedly transferred or concealed, the nature of the transfer or concealment, when it occurred, or any circumstances from which Defendant's alleged intent may plausibly be inferred. The allegation therefore does no more than restate the statutory elements of § 727(a)(2)(A).

Accordingly, the Complaint fails to state a plausible claim under § 727(a)(2)(A). The Motion is GRANTED as to this claim.

    **b.  11 U.S.C. § 727(a)(3)**

To state a prima facie claim under § 727(a)(3), the objecting creditor must allege that the debtor failed to maintain and preserve adequate records and that the failure makes it impossible to ascertain the debtor's financial condition and material business transactions. *Lansdowne v. Cox (In re Cox)*, 41 F.3d 1294, 1296 (9th Cir. 1994).

The Complaint alleges generally that Defendant "concealed, destroyed, mutilated, falsified, and/or failed to keep or preserve recorded information," including books and records from which his financial condition or business transactions might be ascertained. [Dk. 1, ¶ 10]. It does not, however, identify any records that Defendant allegedly failed to maintain or preserve, describe any relevant financial or business transaction for which records are unavailable, or allege facts showing that the

absence or inadequacy of records prevents Plaintiff or creditors from ascertaining Defendant's financial condition.

The allegations therefore amount to a recitation of § 727(a)(3) rather than factual allegations supporting a plausible claim for relief. Accordingly, the Motion is GRANTED as to the § 727(a)(3) claim.

### c.  11 U.S.C. § 727(a)(4)(A)

To prevail under § 727(a)(4)(A), a plaintiff must establish that: "(1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1197 (9th Cir. 2010). A false statement or omission in a debtor's bankruptcy schedules or Statement of Financial Affairs may constitute a false oath.

Although the Complaint alleges that Defendant signed his bankruptcy documents under penalty of perjury and later testified that the information contained therein was accurate, it does not identify any particular statement or omission alleged to have been false. Paragraph 11 merely alleges that Defendant "knowingly and fraudulently" made a "false oath(s) or account(s)." The Complaint does not identify what Defendant said or omitted, where the allegedly false statement was made, why it was false, or why it was material.

The allegations therefore fail to state a plausible claim under Rule 12(b)(6) and do not provide the particularity required for allegations sounding in fraud under Rule 9(b). Accordingly, the Motion is GRANTED as to the § 727(a)(4)(A) claim.

### d.  11 U.S.C. § 727(a)(5)

Under § 727(a)(5), the objecting party must identify assets that the debtor owned at a time not too remote from the petition date, allege that the debtor no longer owned those assets as of the petition date, and allege that the bankruptcy pleadings or Statement of Financial Affairs do not adequately explain their disposition. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1205 (9th Cir. 2010).

The Complaint alleges only that Defendant "failed to explain satisfactorily" a "loss of assets or deficiency of assets to meet the debtor's liabilities." [Dk. 1, ¶ 12]. The Complaint does not identify any asset Defendant previously owned, allege when Defendant owned it, explain how or when the asset ceased to be in Defendant's possession, or identify any deficiency in Defendant's explanation concerning the disposition of that asset.

Accordingly, the Complaint does not allege sufficient facts to state a plausible claim under § 727(a)(5). The Motion is therefore GRANTED as to this claim.

### IV.    Leave to Amend

Although the Complaint does not presently allege sufficient facts to state a claim under any of the asserted provisions of § 727, the Court cannot conclude on the present record that amendment would necessarily be futile. Plaintiff specifically requests leave to amend if the Court determines that the Complaint is deficient, and Defendant likewise acknowledges the possibility of amendment directed toward pleading the specific facts underlying each asserted ground for denial of discharge.

Accordingly, consistent with the liberal policy favoring amendment under Rule 15(a)(2), Plaintiff is granted leave to amend the Complaint.

///

///

**V.      Conclusion**

For the foregoing reasons, the Court finds good cause to order as follows:

1.  Defendant's Motion to Dismiss is GRANTED with leave to amend as to Plaintiff's claims under 11 U.S.C. §§ 727(a)(2)(A), (a)(3), (a)(4)(A), and (a)(5). Defendant's alternative request for a more definite statement under Rule 12(e) is DENIED as moot.

2.  The July 28, 2026, hearing on the Motion is VACATED.

3.  The July 28, 2026, status conference is CONTINUED to October 13, 2026, at 1:30 p.m., with a status report due fourteen (14) days in advance.

4.  Plaintiff shall file any amended complaint within twenty-one (21) days after entry of this Order. If Plaintiff fails to timely file an amended complaint, the continued status conference may be vacated, and this adversary proceeding may be dismissed and closed without further notice or hearing.

**IT IS SO ORDERED.**

Date: July 20, 2026

Scott C. Clarkson
United States Bankruptcy Judge

-7-