The Law Offices of Stephen R. Wade
Stephen R. Wade CBN 79219
5030 E. 2nd Street; Ste. 206A
Long Beach, CA 90803
(909) 575-7597
srw@srwadelaw.com

Attorneys for Plaintiff

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| MIHN TUONG NGUYEN<br><br>Debtor | Case No. 8:26-bk-8:26-bk-10347-SC<br><br>Adversary Case No. 8:26-ap-01055-SC<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT TO BAR DEBTOR'S DISCHARGE.<br><br>11 U.S.C. § 727(a)(2), (a)(3), (a)(4)(A), and (a)(5). |
| ASHLEY NGUYEN, aka ASHLEY AHN THU NGUYEN<br><br>Plaintiff<br><br>v.<br><br>MIHN TUONG NGUYEN<br>Defendant. | |

**TO THE HONORABLE JUDGE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,**

ASHLEY NGUYEN aka ASHLEY AHN THU NGUYEN, creditor and Plaintiff herein, ("Plaintiff") files the following First Amended Complaint to bar the discharge of the Debtor Mihn Tuang Nguyen, ("Defendant") pursuant to 11 U.S.C. 727(a)

**STATEMENT OF JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. 157

and 1334 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California Case No. 8:26-bk-10347-SC (The "Bankruptcy Case")

2. Plaintiff is a creditor in this case and has standing to bring this adversary proceeding pursuant to 11 U.S.C. 323.

3. This adversary proceeding is a core proceeding under 28 U.S.C. 157(b)(A), € and (O) and this Court has constitutional authority to enter a final judgment on these claims. To the extent any claim for relie3f contained herein is determined not to be a core proceeding, Plaintiff consents to the entry of a final judgment and order by the Bankruptcy Court.

4. Venue Properly lies in the Central District to California in that this adversary proceeding arises in or relates to a case under Title 11 of the United States Code as provided in 28 U.S.C. Sections 1408 and 1409.

5. Plaintiff alleges that at all relevant times the Defendant was and is an individual residing in the County of Orange, State of California and the Debtor in this case.

## GENERAL ALLEGATIONS

6. The Defendant in this case filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 4, 2026, Case No.. 8:26-bk-10347. ("the Bankruptcy Case") Jeffrey I. Golden is the duly appointed Chapter 7 Trustee in the case.

7. The first meeting of creditors was set for March 3, 2026. Pursuant to FRBP 4007(c), the last day for filing complaints to bar the Debtor's discharge was set for May 4, 2025.

8. Plaintiff was scheduled as a creditor in the Bankruptcy Case in Schedule F as a general unsecured creditor in the amount of 2,000,000 incurred in 2022.

9. Debtor signed his petition, schedules, Statement of Financial Affairs ("SOFA"),

Statement of Related Cases, and related bankruptcy papers under penalty of perjury. He also appeared at the meeting of creditors and reaffirmed the truth and completeness of those disclosures under penalty of perjury. (Collectively referred to as "Defendant's Disclosures")

10. Debtor's Disclosures omit or materially misstate assets, income, business interests, affiliated bankruptcy cases, and records necessary to determine his financial condition. The omissions go to the heart of the case: foreign real property, foreign and domestic savings accounts, income from a Vietnam business, multiple controlled LLC bankruptcies, entity-held property, vehicle assets, large escrow proceeds, and substantial transfers to Vietnam.

11. Debtor's own prior sworn family-law declaration, prior LLC bankruptcy papers, Chase bank records, public bankruptcy dockets, and other court records show that Debtor's bankruptcy disclosures were materially false and incomplete.

12. The facts set forth below identify the specific actions by the Debtor regarding his, assets, transfers, dates, and mechanisms of the false oaths and concealment. This Amended Complaint cures the pleading deficiencies raised in Defendant's motion to dismiss by alleging specific transfers, concealed property, missing records, false statements, and unexplained asset deficiencies.

## SPECIFIC FACTUAL ALLEGATIONS

A. <u>A. Debtor's Sworn Bankruptcy Disclosures</u>

13. Debtor's bankruptcy papers were filed under penalty of perjury. Debtor was required to disclose all assets, all income, all business interests, all bank accounts, all interests in legal entities, all related cases required by the local form, and all records sufficient to allow the trustee and creditors to ascertain his financial condition.

14. In his current Chapter 7 case, Debtor disclosed no legal or equitable interest in real property on Schedule A/B.

15. In his current Chapter 7 schedules, Debtor represented that his monthly income was approximately $3,000.

16. In his current Schedule A/B, Debtor denied owning non-publicly traded stock or interests in incorporated or unincorporated businesses, LLCs, partnerships, or joint ventures, except to the extent otherwise vaguely referenced in the SOFA.

17. Debtor's SOFA identified business connections including Viet Ideas LLC, Villa Park Mansion LLC, Jocotal LLC, Starworld USA LLC, Trivista Management Inc., and other entities, but Debtor failed to disclose his full ownership, control, assets, records, and related bankruptcy history for those entities.

18. Debtor's Statement of Related Cases disclosed Starworld USA LLC, Case No. 8:23-bk-11508-TA, but omitted other 2023 controlled LLC bankruptcy cases, including Viet Ideas LLC, Villa Park Mansion LLC, and Jocotal LLC.

B. <u>B. Family-Law Declaration Contradicts the Bankruptcy Schedules</u>

19. On or about November 13, 2025, less than three months before the bankruptcy petition, Debtor filed a declaration in Orange County Superior Court Family Law Case No. 24D007636, Ngan Thi Kim Tran v. Minh Tuong Nguyen. (The "Family Law Action")

20. In that declaration, Debtor stated under penalty of perjury that he earned approximately $5,000 to $6,000 per month as a managing executive of Starworld Media & Communications Joint Stock Company in Vietnam.

21. In that same declaration, Debtor stated under penalty of perjury that he maintained savings accounts in both Vietnam and the United States.

22. In that same declaration, Debtor stated under penalty of perjury that he owned, lived in, or maintained a three-bedroom home in District 7, Ho Chi Minh City, Vietnam.

23. Debtor's bankruptcy schedules did not disclose the Vietnam home as real property, did not fully disclose the Vietnam and United States savings accounts described in the family-law declaration, and understated Debtor's income when compared to his $5,000 to $6,000 sworn statement in family court.

24. The family-law declaration directly contradicts Debtor's bankruptcy disclosures because it identifies assets, income, and accounts that Debtor was obligated to disclose and that bear on estate administration, exemption analysis, trustee investigation, and creditor recovery.

C. Debtor Controlled Multiple LLC Bankruptcies as Sole Manager and Sole Member

25. In 2023, four LLCs connected to Debtor filed Chapter 7 bankruptcy cases in the Central District of California: Viet Ideas LLC, Villa Park Mansion LLC, Jocotal LLC, and Starworld USA LLC.

26. In the Viet Ideas LLC bankruptcy, Case No. 8:23-bk-11642-TA, the corporate ownership statement identifies "Tuong Minh Nguyen" as the declarant, officer, or authorized agent of the debtor entity. The unanimous written consent authorizing the Chapter 7 filing states that the undersigned was the "sole Manager and sole Member" of Viet Ideas LLC and was signed by Tuong Minh Nguyen as Manager.

27. Viet Ideas LLC's schedules listed real property at 19222 Valley Drive, Villa Park, California 92861, with a scheduled value of approximately $5,500,000.

28. In the Villa Park Mansion LLC bankruptcy, Case No. 8:23-bk-12204-SC, the unanimous written consent authorizing the Chapter 7 filing states that the undersigned was the "sole Manager and sole Member" of Villa Park Mansion LLC and was signed by Tuong Minh Nguyen as Manager.

29. In the Jocotal LLC bankruptcy, Case No. 8:23-bk-11507-TA, the unanimous written

consent authorizing the Chapter 7 filing states that the undersigned was the "sole Manager and sole Member" of Jocotal LLC and was signed by Tuong Minh Nguyen as Manager.

30. In the Starworld USA LLC bankruptcy, Case No. 8:23-bk-11508-TA, the unanimous written consent authorizing the Chapter 7 filing states that the undersigned was the "sole Manager and sole Member" of Starworld USA LLC and was signed by Tuong Minh Nguyen as Manager.

31. These LLC bankruptcy papers establish Debtor's ownership and control of entities with substantial real-property and creditor history, directly contradicting or materially limiting Debtor's bankruptcy disclosures that failed to identify the full scope of his business interests, entity assets, records, and related bankruptcy cases.

32. Debtor's failure to disclose the Viet Ideas, Villa Park Mansion, and Jocotal bankruptcy cases in his current Statement of Related Cases was false and material. The omission impaired the trustee's and creditors' ability to evaluate Debtor's serial use of controlled entities, insider relationships, entity assets, records, secured-creditor history, and possible estate claims.

D. <u>Trivista Management Inc. and Vehicle Asset</u>

33. The Debtor disclosed a connection to Trivista Management Inc. but described the entity as non-operating or did not fully disclose its active assets and value.

34. Records filed in Ashley Anh Thu Nguyen's bankruptcy case, Case No. 8:24-bk-10451-SC, including a motion for relief from stay, identify Trivista Management Inc. as having co-ownership or an ownership interest in a 2014 Isuzu Medium Duty NPR HD Regular Cab Diesel vehicle.

35. The Debtor did not disclose that vehicle asset, the entity's interest in it, Debtor's beneficial interest in it, or records sufficient to determine whether the vehicle or its value is

property of Debtor, property of an insider/entity controlled by Debtor, or otherwise relevant to estate administration.

E. Large Escrow Proceeds, Cash Withdrawal, and Transfers to Vietnam

36. Bank records and related court filings indicate that Viet Ideas LLC received a substantial wire deposit from Adore Escrow, in an amount alleged to be approximately $796,758, in or around May 2022.

37. The same records and filings indicate that approximately $750,000 was withdrawn in cash from Viet Ideas LLC on or about the same date as the Adore Escrow deposit.

38. Bank records further indicate multiple substantial wires from accounts associated with Debtor, Ngan Thi Kim Tran, or Debtor-controlled entities to Huy Tuong Nguyen in Vietnam during 2021 and 2022, totaling hundreds of thousands of dollars.

39. The Debtor's current bankruptcy disclosures do not account for these funds. Debtor has not identified the source or disposition of the escrow proceeds, explained the $750,000 cash withdrawal, traced the present location of transferred funds, or disclosed whether any funds were converted into foreign assets, accounts, or property.

40. These transactions bear directly on Debtor's financial condition, hidden assets, Insider transfers, foreign assets, and whether Debtor has concealed or failed to preserve records from which his financial condition can be ascertained.

F. Generally Unexplained Assets

41. In addition to the unsecured debt to Plaintiff in the amount of $2,000,000 in the Debtor's Schedules he lists nine (9) creditors with unsecured claims totaling $6,847,000 with all of these claims incurred between 2021 and 2025 with one claim in the amount of $2,086793, incurred on July 23, 2025 in the total sum of $8,847,000.

42. In his Schedules A and B the Debtor lists no real property and lists personal property assets totaling $2,558,000. Included in that total is the amount of $2,500,000 in the form of an undescribed claim against an attorney.

43. In the Debtor's Statement of Financial Affairs the Debtor states that no property was "repossessed, foreclosed, garnished, attached, seized or levied.

44. In the Debtor's Statement of Financial Affairs he states that the only property sold, traded or otherwise transferred in the two years prior to the bankruptcy filing was a 2019 MB automobile with a value of $14,000.

45. In his several 341a examinations the Debtor has failed to explain the deficiency of assets in respect to the liabilities he incurred for personal loans.

G. State-Court Discovery Sanctions and Missing Tracing Records

46. In Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al., Orange County Superior Court Case No. 30-2022-01253059-CU-OR-NJC, the state court granted terminating sanctions and struck the answers of Minh Tuong Nguyen and Ngan Thi Kim Tran after repeated failure to comply with discovery orders.

47. The discovery at issue included documents concerning deposits, transfers, and withdrawals of funds allegedly provided by Lam to Debtor and related parties.

48. The state court found the discovery noncompliance willful and prejudicial. That finding corroborates Plaintiff's allegations that Debtor failed to maintain, preserve, or produce records necessary to trace funds and determine his financial condition.

49. The record deficiency persists into the bankruptcy case. Without those records, the Chapter 7 trustee and creditors cannot determine the existence, disposition, or value of Debtor's foreign assets, bank accounts, business income, LLC assets, and large fund transfers.

## FIRST CLAIM FOR RELIEF

**Denial of Discharge Under 11 U.S.C. § 727(a)(4)(A) - False Oaths and False Accounts**

50. Plaintiff realleges paragraphs 1 through 49 as though fully set forth herein.

46. Debtor made statements under oath in his petition, schedules, SOFA, Statement of Related Cases, and declarations filed in this bankruptcy case.

47. Debtor's false oaths include, without limitation:

47 Schedule A/B falsely disclosed no real-property interest while Debtor had recently sworn in family court that he maintained a three-bedroom home in District 7, Ho Chi Minh City, Vietnam.

48. Schedule I and related income disclosures materially understated Debtor's income by reporting approximately $3,000 per month, while Debtor had recently sworn in family court that he earned approximately $5,000 to $6,000 per month as a managing executive of Starworld Media & Communications Joint Stock Company.

49. Debtor failed to fully disclose savings accounts in Vietnam and the United States despite recently swearing in family court that such accounts existed.

50. Debtor failed to fully disclose his ownership, membership, management, beneficial interests, or control of Viet Ideas LLC, Villa Park Mansion LLC, Jocotal LLC, Starworld USA LLC, Trivista Management Inc., and related entity assets.

51. Debtor's Statement of Related Cases omitted controlled LLC bankruptcy cases including Viet Ideas LLC, Villa Park Mansion LLC, and Jocotal LLC, notwithstanding that the LLC bankruptcy papers identified Tuong Minh Nguyen as officer/authorized agent and/or sole manager and sole member.

52. Debtor failed to disclose or accurately identify Trivista Management Inc.'s vehicle asset and Debtor's direct or indirect interest in that asset.

53. Debtor failed to disclose, trace, or explain the Adore Escrow proceeds, the alleged $750,000 cash withdrawal, and substantial transfers to Vietnam.

54. These false oaths were material because they related to Debtor's assets, income, business interests, bank accounts, insider/entity relationships, potential estate claims, and the trustee's ability to administer the estate.

55. Debtor knew the statements were false or acted with reckless disregard for the truth because the contradictory facts came from his own family-law declaration, his own LLC bankruptcy authorization documents, and records of entities he controlled.

56. Debtor made the false oaths knowingly and fraudulently, with intent to hinder the trustee and creditors from identifying assets, investigating transfers, determining Debtor's financial condition, and administering the estate.

57. Debtor's discharge should be denied under 11 U.S.C. § 727(a)(4)(A).

## SECOND CLAIM FOR RELIEF

**Denial of Discharge Under 11 U.S.C. § 727(a)(2)(A) and (B) - Concealment of Property**

58. Plaintiff realleges paragraphs 1 through 57 as though fully set forth herein.

59. Within one year before the petition date, and continuing after the petition date, Debtor concealed property and interests in property from creditors and the Chapter 7 trustee.

60. The concealed property includes, without limitation, Debtor's Vietnam home or other real-property interest in District 7, Ho Chi Minh City; Vietnam and United States savings accounts; income and compensation from Starworld Media & Communications Joint Stock Company; ownership, management, membership, beneficial, or control interests in Debtor-controlled LLCs and entities; Trivista Management Inc.'s vehicle asset; and funds or proceeds traceable to large escrow deposits, cash withdrawals, and transfers to Vietnam.

60. The Debtor's concealment continued into the bankruptcy case when he filed schedules

and statements omitting or understating these assets, accounts, and interests.

61. The Debtor acted with intent to hinder, delay, or defraud creditors and the estate. That intent is established by the materiality of the omitted assets, the proximity of the family-law declaration to the petition date, Debtor's control of the LLCs, the repeated omission of related LLC bankruptcies, the foreign location of assets and accounts, the large size of the untraced transactions, and the failure to produce records necessary to trace the funds.

62. Debtor's discharge should be denied under 11 U.S.C. § 727(a)(2)(A) and (B).

## THIRD CLAIM FOR RELIEF

**Denial of Discharge Under 11 U.S.C. § 727(a)(3) - Failure to Keep or Preserve Records**

63. Plaintiff realleges paragraphs 1 through 62 as though fully set forth herein.

64. The Debtor concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records, bank statements, escrow records, title records, business records, accounting records, and papers from which Debtor's financial condition and business transactions might be ascertained.

65. The missing or inadequate records include, without limitation:

* Records for all Vietnam bank accounts, United States savings accounts, and foreign financial accounts referenced in Debtor's family-law declaration;

* Title, purchase, mortgage, lease, occupancy, tax, and valuation records for the District 7 Ho Chi Minh City home;

* Payroll, compensation, profit distribution, corporate, and bank records for Starworld Media & Communications Joint Stock Company;

* Corporate, membership, accounting, title, escrow, bank, and asset records for Viet Ideas LLC, Villa Park Mansion LLC, Jocotal LLC, Starworld USA LLC, Trivista Management Inc., and related entities;

* Records tracing the Adore Escrow deposit, the alleged same-day $750,000 cash

withdrawal, and the ultimate use or location of those funds;

Records tracing transfers from Debtor-associated accounts to Huy Tuong Nguyen or others in Vietnam;

* Records identifying Trivista Management Inc.'s vehicle ownership, liens, insurance, title, use, and disposition.

66. Without these records, the trustee and creditors cannot ascertain Debtor's financial condition, business transactions, income, assets, transfers, or estate claims. The gaps are not incidental since they cover every major asset category and transaction series at issue in this case.

67. Debtor cannot justify the failure to maintain or preserve these records. The records concern substantial assets, bank accounts, business interests, and transfers involving entities Debtor personally controlled and for which he authorized multiple LLC bankruptcy filings.

68. Debtor's discharge should be denied under 11 U.S.C. § 727(a)(3).

## FOURTH CLAIM FOR RELIEF

**Denial of Discharge Under 11 U.S.C. § 727(a)(5) - Failure to Explain Loss or Deficiency of Assets**

69. Plaintiff realleges paragraphs 1 through 68 as though fully set forth herein.

70. Debtor's current bankruptcy schedules show no real property and materially limited disclosed assets compared to his prior sworn statements, entity records, and history of controlled real-property LLCs and large fund movements.

71. Debtor has offered no adequate explanation for the loss or deficiency of assets, including:

* The absence from Debtor's schedules of the Vietnam home or any value attributable to that property;

* The absence or under disclosure of Vietnam and United States savings accounts identified in Debtor's family-law declaration;

* The discrepancy between Debtor's family-law income declaration and bankruptcy income disclosures;

* The loss, transfer, disposition, or current value of Debtor's interests in Viet Ideas LLC, Villa Park Mansion LLC, Jocotal LLC, Starworld USA LLC, Trivista Management Inc., and related entity-held assets;

* The disposition of the Adore Escrow proceeds and the alleged $750,000 cash withdrawal;

* The disposition of substantial transfers to Vietnam and whether any such funds were converted into foreign assets, accounts, or property;

* The current status and value of Trivista Management Inc.'s vehicle asset.

* The disposition of the over 6,000,000 in loans received by the Debtor between 2021 and the date of filing.

72. Any explanations Debtor has offered are unsupported by complete records and are contradicted by Debtor's own prior sworn statements and entity records.

73. Debtor's discharge should be denied under 11 U.S.C. § 727(a)(5).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests judgment against Defendant Minh Tuong Nguyen as follows:

1. Denying Debtor's discharge under 11 U.S.C. § 727(a)(2)(A), § 727(a)(2)(B), § 727(a)(3), § 727(a)(4)(A), and § 727(a)(5);

2. Entering judgment in favor of Plaintiff and against Debtor on all claims for relief;

3. Awarding Plaintiff allowable costs of suit;

4. Granting such other and further relief as the Court deems just and proper.

Dated: August 9, 2026

LAW OFFICES OF STEPHEN R. WADE
By: /s/Stephen R. Wade
Stephen R. Wade
Attorneys for Plaintiff
ASHLEY ANH THU NGUYEN